UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-60804

KATHLEEN HARWOOD,

    Plaintiff,

v.

NATIONWIDE CREDIT, INC. and TOYOTA MOTOR CREDIT CORPORATION d/b/a TOYOTA FINANCIAL SERVICES,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff Kathleen Harwood ("Plaintiff") sues Defendant Nationwide Credit, Inc., and Defendant Toyota Motor Credit Corporation *d/b/a* Toyota Financial Services (collectively, "Defendants") for violations of 15 U.S.C §1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. §1367.

3. Venue in this District is proper because Plaintiff resides here, Defendants transacts business here, and the complained conduct of Defendants occurred here.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

4.  Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5.  Defendant Nationwide Credit, Inc. ("Defendant-DC") is a Georgia corporation, with its principal place of business located in Atlanta, Georgia.

6.  Defendant-DC engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7.  At all times material, Defendant-DC was acting as a debt collector in respect to the collection of Plaintiff's debts.

8.  Defendant Toyota Motor Credit Corporation *d/b/a* Toyota Financial Services ("Defendant-Creditor") is a California corporation, with its principal place of business located in Plano, Texas.

9.  At all times material, Defendant-Creditor was the creditor of the debts Defendant-DC sought to collect from Plaintiff.

## DEMAND FOR JURY TRIAL

10.  Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

11.  On a date better known by Defendants, Defendant-DC began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

12.  The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between Plaintiff and the creditor of the Consumer Debt, Defendant-Creditor, involving a loan and/or financing of a vehicle Plaintiff was to purchase (the "Subject Service").

13.  The Subject Service was primarily for personal, family, or household purposes.

PAGE | **2** of **9**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

14. Defendant-DC is a business entity engaged in the business of soliciting consumer debts for collection.

15. Defendant-DC is a business entity engaged in the business of collecting consumer debts.

16. Defendant-DC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. Defendant-DC is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

18. Defendant-DC's "Consumer Collection Agency" license number is CCA0901119.

19. Defendant-DC maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

20. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant-DC does maintain, are current to within one week of the current date.

21. On a date better known by Defendants, Defendant-DC sent a letter, dated December 20, 2019, to Plaintiff ("Collection Letter #1") in an attempt to collect the Consumer Debt.

22. Attached hereto as Exhibit "A" is a copy of Collection Letter #1.

23. Collection Letter #1 is a communication from Defendants to Plaintiff in connection with the collection of a debt.

24. Collection Letter #1 represents an action to collect a debt by Defendants.

25. In Collection Letter #1, Defendant-DC states "**This is communication is an attempt to collect a debt by a debt collector… and any information obtained will be used for that purpose.**" Exhibit A.

26. Defendant-DC is a "person" within the meaning of Fla. Stat. § 559.72.

27. Defendant-Creditor is a "person" within the meaning of Fla. Stat. § 559.72.

28. On February 2, 2020, Defendant-DC was notified in writing (the "Notice") that: **[1]** Plaintiff was represented by an attorney with respect to the Consumer Debt; **[2]** Plaintiff revoked any consent Defendant-DC had to communicate with Plaintiff directly; **[3]** Defendant-DC was not to contact Plaintiff directly; and **[4]** any correspondence should be sent to Plaintiff's attorney.

29. Defendant-DC received the Notice on February 2, 2020.

30. Upon receipt of the Notice, Defendant-DC knew that it could not communicate with Plaintiff directly in connection with the collection of the Consumer Debt.

31. Upon receipt of the Notice, Defendant-DC knew Plaintiff was represented by an attorney with respect to the Consumer Debt.

32. Upon receipt of the Notice, Defendant-DC knew it could not attempt to collect the Consumer Debt from Plaintiff directly.

33. By and through the Notice, Defendant-DC had knowledge of, or can readily ascertain, the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

34. On or about March 09, 2020, despite knowing that Plaintiff was representing by an attorney with respect to the Consumer Debt and that Defendant-DC was not permitted to contact Plaintiff directly, Defendant-DC sent Plaintiff a second letter ("Collection Letter #2") in an attempt to collect the Consumer Debt.

35. Attached hereto as Exhibit "B" is a copy of Collection Letter #2.

36. Collection Letter #2 is a communication from Defendants to Plaintiff directly in connection with the collection of the Consumer Debt.

37. Collection Letter #2 represents an action to collect a debt by Defendants.

## *COUNT I.*
## <u>VIOLATION OF 15 U.S.C. § 1692c(a)</u>
(*against Defendant-DC*)

38. Plaintiff incorporates by reference paragraphs 1-37 of this Complaint as though fully stated herein.

39. Section 1692c(a) of the FDCPA mandates, *inter alia*, that:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –
>
> > (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer….

15 U.S.C. § 1692c(a)(2).

40. On February 2, 2020, Defendant was notified that **[1]** Plaintiff was represented by an attorney with respect to the Consumer Debt; **[2]** Plaintiff revoked any consent Defendant had to communicate with Plaintiff directly; **[3]** Defendant was not to contact Plaintiff directly; and **[4]** any correspondence should be sent to Plaintiff's attorney.

41. As of February 2, 2020, Defendant knew Plaintiff was represented by an attorney with respect to the Consumer Debt, as well as had knowledge of, or can readily ascertain, the name of Plaintiff's attorney name and the address of Plaintiff's attorney. Despite knowing this information, Defendant communicated and/or contact Plaintiff, by and through Collection Letter #2, in connection with the collection of the Consumer Debt.

PAGE | **5** of **9**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

42. By and through Collection Letter #2, Defendant violated § 1692c(a)(2) of the FDCPA by communicating directly with Plaintiff in connection with the Consumer Debt despite knowing Plaintiff was represented by an attorney.

43. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a) Statutory damages as provided by 15 U.S.C. § 1692k;

    (b) Costs and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

### COUNT II.
### **VIOLATION OF FLA. STAT. § 559.72(18)**
(*against Defendant-DC and Defendant-Creditor*)

44. Plaintiff incorporates by reference paragraphs 1-37 of this Complaint as though fully stated herein.

45. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.." Fla. Stat. §559.72(18).

46. As stated above, as of February 2, 2020, Defendant-DC knew Plaintiff was represented by an attorney with respect to the Consumer Debt. Despite knowing this, Defendant-DC communicated and/or contact Plaintiff directly, by and through Collection Letter #2, in connection with the collection of the Consumer Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

47. Accordingly, Defendant-DC violated Fla. Stat. § 559.72(18) by communicating Plaintiff directly in connection with the Consumer Debt *via* Collection Letter #2, as Defendant-DC *knew* Plaintiff was represented by an attorney with respect to the Consumer Debt.

48. Further, at minimum, Defendant-DC acted with apparent authority in attempting to collect the Consumer Debt on Defendant-Creditor's behalf. Defendant-DC sought to collect the Consumer Debt from Plaintiff because Defendant-DC had contracted with Defendant-Creditor for the provision of such services.

49. Defendant-Creditor purposely provided Defendant-DC with the requisite information to collect the Consumer Debt from Plaintiff, including but not limited to, Plaintiffs address, the loan balance, and interest rate.

50. Here, the above-mentioned violation of § 559.72(18) is the result of Defendant-DC's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Defendant-DC and Defendant-Creditor, and as a result, Defendant-Creditor is vicariously liable for such FCCPA violation.

51. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC and Defendant-Creditor, awarding Plaintiff the following relief:

   (a) Statutory and actual damages as provided under Fla. Stat. §559.77(2);

   (b) An injunction prohibiting Defendant-DC from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

   (c) Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

   (d) Any other relief that this Court deems appropriate under the circumstances.

PAGE | **7** of **9**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT III.
## **VIOLATION OF FLA. STAT. § 559.72(9)**
(*against Defendant-DC and Defendant-Creditor*)

52. Plaintiff incorporates by reference paragraphs 1-37 of this Complaint as though fully stated herein.

53. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla Stat. § 559.72(9) (emphasis added).

54. As stated above, as of February 2, 2020, Defendant-DC knew Plaintiff was represented by an attorney with respect to the Consumer Debt. Defendant-DC *knew* it could not communicate with Plaintiff directly in connection with the Consumer Debt. Despite knowing this, Defendant-DC communicated and/or contact Plaintiff directly, by and through Collection Letter #2, in connection with the collection of the Consumer Debt. In so doing, Defendant-DC was asserting the existence of a legal right (*i.e.*, the right to communicate with and/or attempt to collect the Consumer Debt from Plaintiff directly) that did not exist, and which Defendant-DC *knew* did not exist. As such, by and through Collection Letter #2, Defendant violated § 559.72(9) of the FCCPA.

55. Further, at minimum, Defendant-DC acted with apparent authority in attempting to collect the Consumer Debt on Defendant-Creditor's behalf. Defendant-DC sought to collect the Consumer Debt from Plaintiff because Defendant-DC had contracted with Defendant-Creditor for the provision of such services.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

56. Defendant-Creditor purposely provided Defendant-DC with the requisite information to collect the Consumer Debt from Plaintiff, including but not limited to, Plaintiffs address, the loan balance, and interest rate.

57. Here, the above-mentioned violation of § 559.72(9) is the result of Defendant-DC's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Defendant-DC and Defendant-Creditor, and as a result, Defendant-Creditor is vicariously liable for such FCCPA violation.

58. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC and Defendant-Creditor, awarding Plaintiff the following relief:

(a) Statutory and actual damages as provided under Fla. Stat. §559.77(2);

(b) An injunction prohibiting Defendant-DC from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(c) Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

(d) Any other relief that this Court deems appropriate under the circumstances.

DATED: April 17, 2020

Respectfully Submitted,

 /s/ Jibrael S. Hindi                              .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:        855-529-9540

*COUNSEL FOR PLAINTIFF*